[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#136)
The plaintiff has moved for summary judgment (i) on his complaint, (ii) the defendant Frank Palumbo's (hereinafter "Frank") counterclaim and (iii) Frank's cross claims against the co-defendants. The motion does not address the special defenses which Frank has interposed in his answer of December 15, 1997.
It is noted that the plaintiff's attorney has not appeared for the defendants against whom the cross claims lie, nor indeed, could he. While P. B. § 17-44 permits "any party. at any time" to move for summary judgment it does not permit one party to file such a' motion on behalf of another party. By the same reasoning CT Page 12213 an attorney for one party to a case may not file a pleading on behalf of another party to the case for which he has not appeared.
Accordingly, that portion of the motion which seeks summary judgment on the cross claims is stricken from the motion, sua sponte.
 The Counterclaim
The plaintiff has alleged res adjudicata and collateral estoppel as special defenses to the counterclaim, claiming that the judgment of this court in Palumbo v. Lee, No. CV93 030 16 15S constitutes an adjudication of all of the issues raised in the counterclaim. The court agrees.
The court takes judicial notice of the prior proceeding in order to make the comparative analysis essential to an adjudication of the issue. In that case, the court (Moran, J.) after a full trial found the issues for the defendant. The court holds that the claims made in the prior proceeding are functionally the same as those made in this proceeding. Included in Palumbo v. Lee was the plaintiff "s claim for reimbursement for expenses which he claimed to have advanced for the operation and maintenance of the house which he owned as a tenant in common with his mother, Lucille Palumbo. Although in different language the three paragraphs of the counterclaim reassert and specifically quantify these expenses but also add claims for attorney's fees and punitive damages. While attorney's fees and punitive damages may have been absent from the prior case, the counterclaim contains no factual predicates for either. Thus, the claims in both cases are operatively the same.
The special defenses to the counterclaim and the particular allegations of this case invoke the merger doctrine. The merger doctrine prohibits a second action based on claims actually raised and adjudicated in a prior action; merger also prohibits "the pursuit of any claims relating to the cause of action which . . . might have been made." Commissioner of EnvironmentalProtection v. Connecticut Building Wrecking Co., 227 Conn. 175
(1957). Our Supreme Court has adopted the transactional test of the Restatement (Second), Judgments to determine whether a claim "might have been made" in a prior action. According to this test, the claim extinguished by a judgment in a prior action" includes all rights of the plaintiff to remedies against the defendant CT Page 12214 with respect to all or an part of the transaction, or series of connected transactions, Out of which the [first] action arose."Commissioner of Environmental Protection, supra, at 189-190, quoting Restatement (Second) Judgments (1982) § 24.
Under the transactional test, a plaintiffs claim includes more than just his/her legal theory; the claim is coterminous with the factual transaction supporting the theory, "regardless of the number of substantive theories . . . that may be available to the plaintiff" based on the same transaction. Restatement (Second), Judgments (1982) § 24, Comment (a). Thus, although a plaintiff might choose to raise only a single theory, judgment on that theory extinguishes that plaintiff's entire claim, which includes all other theories arising out of the same transaction or series of transactions.
"What factual grouping constitutes a "transaction's and what groupings constitute a "series', is to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, [and] whether they form a convenient trial unit". Id. The rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action . . . to present evidence or grounds or theories of the case not presented in the first action . . . Restatement (Second), Judgments (1982) § 25; Commissioner of EnvironmentalProtection v. Connecticut Building Wrecking Co., supra at 190.
These principles make it clear that each of the allegations of the counterclaim is barred by the doctrine and therefore there is no genuine issue of material fact, and the plaintiff is entitled to judgment on the counterclaim as a matter of law.
 The Complaint
The complaint consists of a simple request for partition to which Frank has filed special defenses which may be summarized as follows:
 1) The plaintiff was improperly appointed successor administrator by the probate court.
2) Lucille Palumbo made a will.
 3) Lucille Palumbo's testamentary intent was that her half CT Page 12215 interest be left to Frank.
 4) Partition by sale is not needed to satisfy debts of the estate.
 5) Frank's claim against the estate was improperly disallowed.
None of these constitutes a defense to the partition action. Frank's affidavit in opposition to the motion contains allegations which reiterate the special defenses and introduce other claims of fact which are immaterial and extraneous to this partition action. The only other document submitted in opposition purports to be a partial (four pages) transcript of a recorded conversation between Frank and others which also is immaterial and irrelevant. The plaintiff's affidavit of January 15, 1999 filed in support of his motion for summary judgment makes it clear that there are considerable unpaid administration expenses which can only be satisfied out of the proceeds of sale of the real estate which is the subject of this action. There is no genuine issue of material fact and the plaintiff is entitled to judgment on the complaint as a matter of law.
THE COURT
Mottolese, Judge